```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                    AT ROANOKE, VA
                                                                         FILED

                                                                    FEB 12 2008
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF VIRGINIA            JOHN F. CORCORAN, CLERK
                    ROANOKE DIVISION                      BY:
                                                                  DEPUTY CLERK
```

| | | |
|---|---|---|
| **JONATHAN LEE RICHES,** | ) | Civil Action No. 7:08-cv-00084; 7:08-cv-00085; |
| | ) | 7:08-cv-00086; 7:08-cv-00087; 7:08-cv-00088; |
| | ) | 7:08-cv-00089; 7:08-cv-00090; 7:08-cv-00091; |
| | ) | 7:08-cv-00092; 7:08-cv-00094; 7:08-cv-00095; |
| | ) | 7:08-cv-00096; 7:08-cv-00097; 7:08-cv-00098; |
| | ) | 7:08-cv-00099; 7:08-cv-00100; 7:08-cv-00101; |
| **v.** | ) | 7:08-cv-00102; 7:08-cv-00103; 7:08-cv-00104; |
| | ) | 7:08-cv-00105 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VARIOUS DEFENDANTS.** | ) | By: **Samuel G. Wilson** |
| | ) | **United States District Judge** |

Plaintiff Jonathan Lee Riches, a prisoner housed at FCI Williamsburg in Salters, South Carolina and proceeding pro se, filed these motions which the court will construe as actions pursuant to 42 U.S.C. § 1983.[1] As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleadings as requests to proceed in forma pauperis and deny those requests.

According to court records, Riches has filed well over three previous civil rights complaints which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore, Riches may not proceed with these actions unless he either pays the $350.00 filing

---

[1] In the caption of his motions, Riches names multiple other plaintiffs to his actions. However, only Riches has signed the motions and no address or contact information has been provided for the other "plaintiffs." It appears to the court that these other plaintiffs are not aware of the filing of these actions, and therefore, the court will not consider them as plaintiffs to these actions. If these plaintiffs wish to re-file these claims in their own names, they may do so by separate action. Moreover, to the extent Riches tries to bring these claims as class actions, it fails because a class action suit is not properly brought by a pro se litigant. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

[2] See e.g., Riches v. Bureau of Prisons, No. 6:06cv00194 (D. S.C. Mar. 20, 2006); Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich. Aug. 8, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007); Riches v. James, No. 1:07cv02486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, No. 3:07cv00375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, No. 3:07cv03695 (N.D. Ca. Aug. 30, 2007); Riches v. Schiavo, No. 8:07cv01644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, No. 5:07cv00376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, No. 6:07cv01504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, No. 8:07cv01730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., No. 4:07cv00780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, No. 3:07cv04539 (N.D. Ca. Oct. 3, 2007); Riches v. Craig, (continued...)

fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court dismisses all of his complaints without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 12th day of February, 2008.

_____
United States District Judge

---

[2](...continued)
No. 1:07cv00538 (D. Del. Oct. 5, 2007); Riches v. Brady v. Maryland, 373 U.S. 83, 8:07cv02666 (D. Md. Oct. 9, 2007); Riches v. Noriega, No. 2:07cv00619 (M.D. Fla. Oct. 17, 2007); Riches v. Trump, No. 3:07cv00478 (D. Nev. Oct. 17, 2007).

[3] The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaints.

Further, Riches is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). The court notes that Riches has a history and reputation throughout the federal courts of filing frivolous actions. The United States Court Pacer U.S. Party/Case Index lists Riches as having filed more than 900 actions in various courts, over 600 of which have been filed since January 1, 2008. The court agrees with several other courts which have found that Riches has no good faith basis for pursuing the litigation and only intends to harass. See Riches v. Simpson, et al., No. 6:07cv1504 (M.D. Fla. Sept. 27, 2004); Riches v. Snicket, No. 3:08cv1 (N.D. W. Va. Feb. 1, 2008); Riches v. JENA 6, No. 07cv1656 (W. D. La. Oct. 24, 2007). Moreover, Riches is not housed in this district and does not allege that any of the events that he complains about occurred in this district. Riches' excessive filing of frivolous actions has become a great burden on this court. Since January 2008, Riches has filed 46 actions in this court. Further, the court finds that if riches continues to file such frivolous and abusive filings, there is no alternative to a pre-filing injunction to protect the court. Accordingly, Riches is hereby notified that future frivolous and abusive filings will result in the court's imposition of a pre-filing injunction against him. Cromer v. Kraft Foods North America, Inc., 390 F.3D 812, 819 (4th Cir. 2004).